J-S81006-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSE ANTONIO RAMOS | : | |
| | : | No. 605 MDA 2017 |
| Appellant | : | |

Appeal from the PCRA Order November 22, 2016
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0003982-2012

BEFORE: PANELLA, J., STABILE, J., and PLATT[*], J.

JUDGMENT ORDER BY PANELLA, J.                    **FILED APRIL 11, 2018**

Jose Ramos appeals *pro se* from the order dismissing his timely, first petition pursuant to the Post Conviction Relief Act ("PCRA"). On appeal, Ramos abandons all the claims he presented to the PCRA court, instead arguing that his sentence is illegal pursuant to ***Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017). In response, the Commonwealth notes that all of Ramos's initial issues are now waived. ***See*** Appellee's Brief, at 7. However, the Commonwealth requests this case be remanded so that Ramos may properly challenge the legality of his sentence before the PCRA court.

_____

[*] Retired Senior Judge assigned to the Superior Court.

We agree with the Commonwealth. Ramos has waived all issues previously raised in the PCRA court by failing to brief them on appeal. ***See Commonwealth v. Johnson***, 985 A.2d 915, 924 (Pa. 2009). In contrast, his claim that ***Muniz*** renders his sentence illegal cannot be waived, so long as there is jurisdiction to hear it. ***See Commonwealth v. Rivera-Figueroa***, 174 A.3d 674, 678 (Pa. Super. 2017). "Therefore, the best resolution of this case is to vacate, remand, and offer Appellant the opportunity to argue ***Muniz***." ***Id***., at 679.

Order vacated. Case remanded for further proceedings consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/11/2018